**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                             Case No.:    3:16-cr-18-J-39JRK

CARMEL LINOT

_____/

## <u>ORDER</u>

This case is before the Court on Defendant Carmel Linot's renewed motions for compassionate release (Doc. 86; Doc. 91), as well as his Motion for Clarification and to Provide Documents (Doc. 90).

Defendant is a 31-year-old inmate incarcerated at Lexington FMC, serving a 24-month term of imprisonment for aiding and abetting aggravated identify theft. (Doc. 52, Judgment).[1] According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on December 12, 2021. Defendant seeks compassionate release because of the Covid-19 pandemic and because he suffers from asthma and hypertension. Defendant also cites concerns about his minor son, of whom he claims the mother "temporar[il]y lost custody" during an investigation by the Florida Department of Children and Families. (Doc. 86-1 at 3).

---

[1]     The Court ordered that the 24-month term of imprisonment "run consecutively with the defendant's terms of imprisonment imposed pursuant to the judgments in Duval County Circuit Court, Docket Numbers 2014CF2932 and 2015CF8915." Judgment at 2. In those cases, Defendant was sentenced to a total of 7 years in prison for knowingly participating in an intentional motor vehicle crash, making false insurance claims, defrauding a financial institution and the criminal use of personal identification. (Doc. 49, Presentence Investigation Report [PSR] at ¶¶ 24-25).

After considering 18 U.S.C. § 3582(c)(1)(A), the factors identified in 18 U.S.C. § 3553(a), and the applicable policy statements issued by the Sentencing Commission, the Court concludes that Defendant's request for compassionate release is due to be denied. A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). As the Third Circuit Court of Appeals has observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Defendant has not demonstrated extraordinary and compelling reasons warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. A medical record attached to the amended renewed motion for compassionate release (Doc. 91) states that Defendant was seen by medical staff on August 31, 2020, requesting to have his blood pressure taken (Doc. 91-1 at 2). His blood pressure measured 151/81 at that time, which is elevated. (Id.). However, there is no indication that Defendant, who is 31 years old, has been diagnosed with chronic hypertension. Indeed, the record reflects that Defendant has had "borderline elevated [blood pressure] previously," but that Defendant "has never required medication treatment for [hypertension]." (Id.). Likewise, Defendant offers no evidence that he has been diagnosed with severe asthma, or that the issues surrounding his son's custody have not been resolved. The lack of evidence matters because a movant under § 3582(c) bears the burden of proving he is eligible for relief.

Heromin, 2019 WL 2411311, at *2; Hamilton, 715 F.3d at 337.

But, even assuming the truth of Defendant's allegations, they do not qualify as extraordinary and compelling circumstances. According to the Centers for Disease Control (CDC), those who have high blood pressure and moderate-to-severe asthma might be at increased risk for severe infection from coronavirus, which is distinct from the medical conditions that the CDC confirms increase the risk for severe infection.[2] At age 31, Defendant is still young, which likely confers some protection against severe illness from Covid-19. Additionally, high blood pressure is not an extraordinary condition. The CDC reports that 108 million adults in the United States (about 45% of the adult population) have high blood pressure or take medication for the condition.[3] And unfortunately, Defendant's concerns about the custody of his minor son are not extraordinary for prisoners. When a defendant is sentenced to a term in prison, he or she is necessarily taken away from his or her family for a period of time, which is inherently disruptive. The Court reiterates there is no indication that Defendant's son is not being cared for, or that custody of his son has not been restored to his mother.

Moreover, the sentencing factors under 18 U.S.C. § 3553(a) counsel against granting a sentence reduction at this time. Over a short period, Defendant engaged in a series of serious fraudulent crimes. (See PSR at ¶¶ 1-13, 24, 25). Defendant has more than one year remaining on his 24-month federal prison sentence. In view of all the § 3553(a) factors, releasing Defendant 14 months early would not be consistent at this time with the statutory purposes of sentencing, including the need to reflect the seriousness of

---

[2]     https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[3]     https://www.cdc.gov/bloodpressure/facts.htm.

3

the offense, afford adequate deterrence, and promote respect for the law.

Accordingly, it is hereby **ORDERED:**

1. Defendant's Renewed Motions for Compassionate Release (Doc. 86; Doc. 91) are **DENIED**. Defendant's request for the appointment of counsel is likewise denied.

2. Defendant's Motion for Clarification and to Provide Documents (Doc. 90) is **GRANTED** to the extent that the Clerk shall send Defendant a copy of the Court's Order of June 15, 2020 (Doc. 77), which granted Defendant's Motion to Correct Sentence and instructed the BOP to treat Defendant's sentence as beginning on April 1, 2020. If Defendant wishes to challenge the computation or execution of his sentence, such a challenge is appropriately brought in the district of confinement in a petition for writ of habeas corpus under 28 U.S.C. § 2241.

**DONE AND ORDERED** at Jacksonville, Florida this 8th day of October, 2020.

BRIAN J. DAVIS
United States District Judge

Lc 19

Copies:
Counsel of record
Defendant

4